HADEN AND EVERETT VS THE UNITED STATES.*

*As to practice in the Supreme Court.*

1. This Court will not set aside a judgment obtained on certifi-cate, on motion to file a complete transcript of the record and proceedings in the case—no return being made to a *certiorari* previously issued to complete the record, and the transcript sought to be filed, appearing to have been certified from the Court below, upon a writ of error sued out to a previous term of this Court, and not prosecuted.

This was a motion to set aside a judgment obtained upon certificate.

*Thornton*, for the motion—*Sallee*, contra.

HOPKINS, C. J.—At the last term of this Court Haden and Everett filed an incomplete transcript of a record of a cause between the United States and themselves, together with a writ of error which they had sued out, in the case, returnable to that term.

Upon their motion a writ of *certiorari* was issued to the clerk of the Court below, requiring him to

*The judgment in this case, was subsequently to this decision, set aside, and a re-hearing granted, on the ground of an existing defect in the certificate.

4P.                    50

send and certify to the present term of the Court, a complete transcript of the record.

The law requires the clerk to make up a full and perfect record of all the proceedings in the cause and to give an attested copy of such record to the party by which the writ of error was sued out, upon his application.*

Where a writ of error has been sued out in a cause, the party who obtained the judgment in it, of the Court below, is entitled, if the writ of error, and a transcript of the record of the cause be not delivered to the Clerk of this Court, on or before the third day of the term to which the writ was returnable, to an affirmance of the judgment, on producing a proper certificate from the clerk of the Court by which the judgment was rendered.

The writ of error and the imperfect transcript, filed by Haden and Everett at the last term, were not delivered to the clerk of this Court, within the three first days of that term, and no motion was made to affirm the judgment on a certificate within that time. On a subsequent day of that term, the transcript, together with the writ of error, was delivered by Haden and Everett, to the clerk of this Court, and upon their motion, a writ of *certiorari* was issued, to complete the transcript. If, at that time, a motion to affirm the judgment had been made on a proper certificate, and Haden and Everett had not shewn their intention of completing the transcript by moving for a *certiorari*, the motion to affirm would have been allowed, because there was no such transcript as the law requires to prevent the allowance of such a motion.†

*Aik Dig. 253.

†ib. 256.

When the cause was regularly called, on a prior day of the present term, no return to the *certiorari* had been made, and the transcript was as imperfect as when it was filed.    No motion was made, then, for another *certiorari*, and the cause was passed.

On the next regular day afterward, for motions, the judgment was affirmed on certificate, upon the motion of the United States.    The judgment was affirmed, on the ground that the transcript was too imperfect to prevent the success of the motion for an affirmance, and the plaintiff in error did not then move for another *certiorari*, to complete the record.

A motion is now made, by Haden and Everett, to set aside the judgment, and for leave to file a complete transcript of the record.    No return to the *certiorari* has been made by the clerk of the Court below; and the transcript of the record which they offer to file is connected with a writ of error which they sued out, in the same cause, on the eleventh day of December, eighteen hundred and thirty-five, and which was returnable to the January term, eighteen hundred and thirty-six, of this Court.

This writ has become a nullity.*    It was not returned to the proper term of the Court, and after that term Haden and Everett abandoned the writ, by suing out another, returnable to a subsequent term.

Upon a certificate of the clerk of the Court below, of the amount of the judgment in that Court, in favor of the United States, and that the second writ had issued, they have obtained an affirmance of the judgment.    The first writ of error could not bring a transcript of the record of the cause before this

*1 Dal. R, 21.

Court, for any purpose, even with a proper return of the clerk to that writ; but the certificate of the clerk, which must be relied upon, to show that the transcript is a true copy of the record, was not made until the eighteenth day of last month—more than twelve months after the issuance of the first writ of error,—long after the operation of that writ, and his authority under it, to certify a transcript, united to the writ, had been terminated.

Where a *certiorari* has issued from this Court, for the purpose of completing a transcript here, the Court can not take notice of any other transcript, except one shall be certified in the return of the clerk of the Court below, to the *certiorari*.

As no return has been made to the *certiorari*, there is no other record here, than the imperfect one which was in Court, when the judgment was affirmed.

The motion to set the judgment aside is denied.

GOLDTHWAITE, J., not sitting.