THE UNITED STATES VS HADEN and EVERETT.

*Of points of practice in the Supreme Court,*

1. If one suing out a writ of error, fails, from any cause, to file the transcript at the term to which the writ is returnable,—a new writ of error may be sued out, at any time before the affirmance of the judgment, on certificate.
2. And the neglect or omission of a defendant in error, to affirm the judgment on certificate, where the transcript is not filed, at the first term, or any time thereafter,—precludes his right to such affirmance, on certificate, at a subsequent term, when the case has been brought up by a new writ of error, and the transcript is filed.

This was a motion for the affirmance of a judgment, on certificate.

*Sallee,* for the motion.    *Stewart,* contra.

ORMOND, J.—This is a motion to affirm a judgment of the Circuit Court of Mobile county, on the certificate of the clerk, that a writ of error had been taken to this Court, and bond given to supersede the judgment. Two certificates of the clerk are presented to us. One certifies that a writ of error was sued out in said cause, returnable to the January term, eighteen hundred and thirty-six, of this Court; and bond for *supersedeas* executed, on the eleventh of December, eighteen hundred and thirty-five. The other recites that a writ of error, has been sued out in this case, returnable to the June

term, eighteen hundred and thirty-six, of this Court; bond to supersede, executed on the eighteenth of March, eighteen hundred and thirty-six.

By an act of the Legislature, (Aikin's Digest, 256,) it is provided that, "in case, the transcript of the record, in the cause below, and the assignment of errors, should not be delivered to the clerk of the Supreme Court, on or before the third day of the term, to which the writ of error shall be returnable, it shall be lawful for the Supreme Court, at that term, or any term thereafter, on motion of the defendant in error, or his attorney, and on producing a copy of the citation, served upon the defendants, certified by the sheriff, or on producing a certificate from the clerk of the Court, from which the writ of error issued, showing the time at which it issued, and amount for which judgment was rendered, and at what term of the Court below—to affirm the judgment of the Circuit Court, with costs of suit, unless the plaintiff in error, or some other person, shall make affidavit, that the transcript of the record, could not be procured from the clerk of the Court below: but the cause may be reinstated on the docket, at any time during the term to which the writ shall be made returnable, upon showing sufficient cause, to said Supreme Court."

In this case, the defendant in error had, doubtless, a right to move for affirmance on the certificate, presented at any time after suing out the writs of error, and before the filing of the record; and some explanations have been made at the bar, why this has not been done. But the fact is now

made known to us, that this cause is now pending in this Court, on a writ of error sued out, since the last term of the Court: And the single question before the Court, is, whether the defendant in error is entitled to an affirmance of the judgment, on one of the first writs of error, sued out, notwithstanding the cause is now depending in this Court, on a writ of error sued out before this motion was made.

The affirmative of this proposition is maintained on the statute recited, which, in substance, declares that if the transcript be not filed at the first term of this Court after the writ of error is sued out, the judgment may be affirmed, on the certificate of the clerk of the Court in which the judgment was rendered. Is it imperative on the plaintiff in error, to file the transcript of the record, at the first term after the writ of error is sued out—or show good reason for not doing so? And may he not, if, from any cause, the transcript and writ of error were not filed in time, sue out another writ of error, at any time before the affirmance of the judgment, on certificate? We are of that opinion.— At any Court, which has intervened since the first writ of error sued out in this case, the defendant might have had his judgment affirmed. He has not done so,—and now asks the Court to affirm his judgment, while the cause is depending in Court on a writ of error.

It is manifest, that the Court are invested with a large discretion over this subject; and we can not think it would be a proper exercise of it, in

this case, to affirm this judgment. The power given by the statute, to defendants in error, at the return term of the writ of error, or at any term thereafter, to move for an affirmance of the judgment below, is a full answer to the argument, that this view of the statute would be productive of delay.

The motion for an affirmance of the judgment below, is refused.

GOLDTHWAITE, J. not sitting.