### ROEBUCK v. DUPREY.

1. The Supreme Court will, on motion of the plaintiff, at the first term, award a *scire facias to hear errors*, although a citation has not previously issued ; but if such a motion be not submitted previous to the second term, nor an appearance entered, then on motion of the defendant, the cause will be dismissed for want of a citation.
2. If the plaintiff in error fails to file a transcript at the term to which the writ is returnable, he may sue out a second writ of error any time before the affirmance of judgment on certificate, and a motion to affirm for a failure to prosecute the first writ, will not be entertained after the case is brought up by the second.

In this case, a writ of error from the Circuit Court of Jefferson, returnable to the present term, with a transcript of the record attached, was filed. The plaintiff in error suggested to the Court, that it did not appear that a citation had been served on the defendant, or that one had ever issued; and thereupon moved, that a *scire facias* to hear errors be issued from this Court. The counsel for the defendant, declining to enter an appearance, moved the Court to dismiss the writ of error, and affirm the judgment; upon the production of a certificate,

Roebuck v. Duprey.

shewing that a writ to revise the proceedings of the Circuit Court in this case had been sued to the last term, but not prosecuted.

CochRan, for the plaintiff.

Peck, contra.

COLLIER, C. J.—According to the earlier decisions of this Court, where no citation accompanied the writ of error, and it was not shewn that one had issued, it appears to have been the practice, to dismiss the writ of error, on motion of the defendant. Such a practice in our opinion, is not promotive of justice and should not be adhered to. The defendant cannot be prejudiced, by the failure to issue a citation upon suing out the writ of error, since he must be in Court, either by himself or counsel, before he can move to dismiss the cause; and then, if he desires, may enter an appearance, and obtain every advantage which the service of a citation regularly issued could possibly give him. The only effect of a dismissal would be to burthen the plaintiff with the costs of this Court, while he might immediately sue out a second writ of error.

The practice to which we shall conform is this, on motion of the plaintiff at the first term, award a *scire facias* to hear. errors; but if such a motion be not submitted previous to the second term, nor any appearance entered, then, on motion of the defendant, the cause will be dismissed for. want of a citation. This we think will be a sufficient infliction for the plaintiff's neglect.

In the case of the United States v. Haden & Everett, 5 Porter's Rep. 533, it was held that if the plaintiff in error fails, from any cause, to file the transcript at the term to which the suit is returnable, a second writ may be sued out any time before the affirmance of the judgment on certificate. And the neglect or omission of a defendant in error, to move to affirm the judgment on certificate, where the transcript was not filed at the first or any subsequent term, precludes his right to an affirmance, after the case has been brought up by a second writ of error. This case is decisive to shew that the defendant's. motion for an affirmance must be denied. But the plaintiff's motion for a *scire facias* is granted.