## CAMERON v. THE STATE.

1. The offence of gaming is complete by playing *once*, and does not require a repetition of it.
2. It is not error to charge the jury, " that if they believed, from the testimony, that the defendant played cards at the house mentioned by the witness, and that it was, at the time, a house to which people did resort, then the defendant was guilty."

Error to the Circuit Court of Pickens. Before the Hon. S. Chapman.

THIS was an indictment against the plaintiff in error, for card playing. By a bill of exceptions taken in the case, it appears, that the State proved by a witness, that the defendant played at a game of cards, with others, in an unoccupied house in the town of Vienna, in said county, at least *once*, in the presence of the witness, and that persons did resort to said house, for the purpose of play.

The defendant's counsel thereupon asked the court to charge the jury, that playing *once* would not constitute the offence, charged in the indictment ; which charge the court refused to give, but charged the jury, that the statute prohibits playing at an out-house where people resort : that if they believed from the testimony, that defendant played cards at the house, mentioned by the witness, and that it was, at the time, a house to which people did resort, then the defendant was guilty.

To the refusal to charge as asked, and to the charge given, the defendant excepted, and now assigns the same as error.

CLITHERALL, for plaintiff in error.

ATTORNEY GENERAL, contra.
1. The charge refused was correctly refused, for playing *once* " in an out-house where people resort," is as much a violation of the law, as if the defendant had played at such a place fifty times.

2. The charge given, was both within the letter, and policy of the law. Any house, not occupied, where people resort for the purpose of playing cards, is an out-house, within the meaning of the act. State v. Faulkner, 2 McCord, 438; Wilson v. Com. 9 Leigh, 648; State v. Currier, 10 Shipley Rep. 43.

COLLIER, C. J.—The bill of exceptions, perhaps, does not raise the question as explicitly as it might have done, whether the house where the gaming is alledged to have taken place, was an "out-house where people resort," within the meaning of the statute on which the indictment is founded?

The prayer for instructions is, "that a playing once, would not constitute the offence, as charged in the indictment." This instruction was properly refused; for the offence is complete by playing "at a game with cards," at the place designated, (Clay's Dig. 432, § 8;) and to hold a repetition of the playing to be essential to constitute the offence, would be an interpolation of the statute, which no court is authorized to make.

In respect to the charge given, it affirms "that the statute prohibits playing at an out-house where people resort, that if they (the jury) believed, from the testimony, that the defendant played cards at the house mentioned by the witness, and that it was at the time, a house to which people did resort, then the defendant was guilty." This charge is unexceptionable in point of law, and refers to the jury the ascertainment of the facts. The fact, that the house where the playing took place, was detached from others, and inclosed by a fence, does not show that it was not such as the statute alledges. To make it an "out-house," within the contemplation of the legislature, it was not necessary that it should be in the same inclosure with a mansion house, or other building in which persons reside. However far removed from these, if it is a house to which *people resort*, it is sufficient to entitle it to the designation used by the indictment. The evil example of public gaming is what the statute (as indicated by its terms) intended to suppress, and it was designed to reach all places where "cards or dice" are the de-

vices with which persons play under circumstances of publicity, or where persons may, and do resort at pleasure. If this charge was inexplicit, and the plaintiff had desired a more special instruction as to the house being a place of resort, to satisfy the requisition of the law, he should have prayed it.

We have but to add, that the judgment of the circuit court is affirmed.