## TORNEY vs. THE STATE.

| | |
|---|---|
| 13b | 455 |
| 53a | 36 |

Every distinct act of betting upon any gambling device, even at the same sitting, is an offence for which the person is liable to indictment and fine.

Torney vs. The State.

APPEAL from Texas Circuit Court.

ROBARDS, Attorney General, for the State.

1. The evidence in the case fully warrants the verdict of the jury.

2. The instructions given to the jury by the court, at the instance of the State, contained a correct exposition of the law applicable to the facts.

3. The instructions asked by the defendant and refused does not assert a correct legal principle.

4. The record offered by the defendant, to establish a former conviction, was insufficient, of itself, for that purpose. It only shows that there was another indictment against the defendants for gaming, found at the same term, upon which he was tried and convicted. It should be proved that each indictment is for the very same specific offence. The offence charged is betting, not the playing at cards. Each bet constitutes an offence and for which a person may be indicted. If a person should bet one hundred times during the twelve months previous to the finding of an indictment, according to the instruction asked by the defendant, if he should be convicted for one act of betting, it releases him from all the balance, though there be an indictment pending for each. 12 Mo. R. 393.

RYLAND, J., delivered the opinion of the court.

The plaintiff in error, defendant below, was indicted in the Texas circuit court at October term, in the year 1848, for betting on a game of cards, a sum of money, to-wit: one dollar. This indictment was returned into court on the 27th day of October, 1848.

A trial was had at the November term of said court, 1849, when the following facts were proved. A witness stated, that on the night of the first day of the October term of the Texas circuit court, 1848, he saw the defendant below bet on a game of cards, and bet perhaps as many as fifty times, at Houston, the county seat of said county, at one setting. The circuit attorney then introduced the records of said court, showing the date of the return of the bill of indictment into court, to-wit : the 27th of October, 1848.

The defendant then introduced the following record of the said Texas circuit court.

"In the Texas circuit court, on the second day of the November term, A. D., 1849.

| State of Missouri vs. Robert Torney. | Indictment for gaming, returned by the Grand Jury, 27th October, 1848, "a true bill." |
|---|---|

JOHN T. FOURT,
Foreman of the Grand Jury.

Now, at this day comes the circuit attorney on the part of the State, and the said defendant, who says he is not guilty in manner and form as

Torney vs. The State.

charged against him in said indictment, and therefore came a jury, to-wit: twelve good and lawful men, who being duly empannelled, tried and sworn, to try the issue, upon their oaths, do say that they find the defendant guilty in manner and form as charged against him in said indictment, and assess his fine at ten dollars—it is therefore considered· by the court, that the said State of Missouri have and recover of the said defendant, as well the sum of ten dollars so assessed against him, as her costs and charges by her about her suit in this behalf laid out and expended, and that execution issue therefor."

The court then, at the instance of the prosecuting attorney, gave the following instructions, viz:

"1st. The court will instruct the jury, that if they find from the testimony, that defendant bet any amount of money on a game of cards, within twelve months next before the 26th day of October, 1848, they will find the defendant guilty."

"2. That every act of betting, even at the same sitting, is a distinct offence, for which the defendant is liable to indictment and fine"—and refused to give the following instruction for the defendant:

"The court instructs the jury that if they believe from the evidence that defendant has been convicted of the offence of betting on a game of cards, on an indictment embracing the same year, in same county, of the one on which defendant is now being tried, that they must acquit."

The defendant excepted to the opinion of the court in giving the above instructions for the State, and in refusing the one for the defendant. The jury then found the defendant guilty, and assessed his fine at ten dollars. Judgment was rendered on the verdict against the defendant. He then moved for a new trial, assigning as reasons therefor, the insufficiency of the evidence to support the charge in the indictment, and the giving improper instructions for the State, and refusing to give proper instructions for the defendant. The court overruled this motion for a new trial, and the defendant below brings the case before this court.

This indictment is found upon a violation of the 8th article of our statute, concerning "Crimes and Punishments"—Rev. Code, 1845. This section declares that "every person who shall bet any money upon any gaming table, bank or device, prohibited by the preceding section, or at or upon any other gambling device, or who shall bet upon any game, played at or by means of any such gaming table, or other gambling device, shall on conviction be adjudged guilty of a misdemeanor, and punished by fine not exceeding twenty-five dollars, nor less than ten dollars."

Under this section, to bet any money or property upon a game of cards, or upon any other gambling device, is a misdemeanor, and has always been so held by our courts. Every betting is an offence, and is liable to indictment and fine. The instructions, then, given by the court below for the State, are correct. The defendant endeavored by his evidence to show a former conviction, and so far as it (the evidence) has this tendency it was proper enough. But it did not warrant the instruction which he asked the court to give the jury. It fails utterly to prove that he was even tried or convicted for the very offence, the identical betting for which he had been indicted and for which he was then upon trial. He had no doubt been convicted for betting at cards and fined ten dollars, and the indictment upon which this conviction was had, was no doubt found at the October Term of Texas circuit court in the year 1848; at the same term at which the indictment on which he was then being tried, had been also found. But surely this did not prove that he had ever before been convicted for the identical offence, the same betting for which he was then on trial.

But the defendant seemed to think that if he should be indicted and convicted, and fined for betting money at a game of cards, at any time within twelve months, that this conviction would be a full license for him to bet money at a game of cards every day within the aforesaid term of twelve months. That there could be but one conviction for gaming against him, within any period of twelve months; and his instruction is based upon this notion, the absurdity of which is too palpable to need any comment.

Whenever the defendant relies upon a former conviction, he must show it to be for the very same offence for which he is then on trial.

In looking into the proceedings of the court below in this case, I find no error committed for which the defendant below has any cause of complaint. I am therefore in favor of affirming the judgment, and such being the opinion of my brother Judges, the judgment of the Texas circuit court is affirmed.