## PERRYMAN vs. CAMP.

1. When a transcript is filed at a term subsequent to that to which the appeal was taken, the appeal will be dismissed on motion of the appellee, and the appellant may sue out another appeal at any time before the affirmance of the judgment ; but the appellee cannot have a dismissal of the appeal and an affirmance of the judgment at the same time. and on the same transcript.

APPEAL from the Circuit Court of Randolph.
Tried before the Hon. ROBERT DOUGHERTY.

MOTION to dismiss the appeal and affirm the judgment.

BELSER & RICE, for the motion.
RICHARDS & FALKNER, contra.

GOLDTHWAITE, J.—In this case, an appeal was taken to the last term of this court, and no transcript was filed until the present term. A motion is made, after filing the transcript at this term, to dismiss the appeal, and also for an affirmance of the judgment. The first motion. must be allowed, as the law requires the transcript to be filed at the term to which the appeal was taken, and if this is not done. it is discontinued. The fact that the bill of exceptions was in the possession of the appellant's counsel, and that the

transcript was not made out for that cause, does not avoid the effect which the law attaches to the failure to file the transcript at the proper term; and the only remedy is, to sue out another appeal, which, under the practice established by this court in the case of The United States v. Haden, 5 Port. 533, and Roebuck v. Dupuy, 2 Ala. 352, can be done to any subsequent term, before the judgment is affirmed.— The motion to dismiss must prevail, because of the discontinuance.

But we cannot dismiss and affirm both, for the reason, that the two motives are inconsistent with each other; as the first denies that the case is properly here, while the other recognizes the transcript as being in court as a sufficient predicate for an affirmance. If it is sufficient to affirm upon, we must hold that it is sufficiently here for the purposes of trial.

Appeal dismissed.