## COOPER *vs.* MACLIN'S HEIRS.

1. When the appellees are infants, who sued by their next friend, the appeal bond (§ 3018) should be made payable to them, and not to their next friend.
2. The failure on the part of the appellant to apply for a citation to the appellee, does not affect the validity of the appeal; the appellee may avoid delay by appearing.
3. One surety to an appeal bond (§ 3041) is sufficient.
4. An appeal will not be dismissed because the record shows that a writ of error was sued out on the judgment, when it does not appear that any transcript was filed at the term to which the writ was returnable, and the judgment has not been affirmed.

APPEAL from the Circuit Court of St. Clair.
Tried before the Hon. GEO. D. SHORTRIDGE.

MOTION to dismiss the appeal.

JOHN T. MORGAN, for the motion.
WHITE & PARSONS, *contra,*

GOLDTHWAITE, J.—In this case, the judgment in the court below was rendered in favor of the appellees, who were infants suing by their next friend, Elizabeth Spencer. The appeal was taken by the defendant, who gave bond payable to the plaintiffs in the judgment, the name of the next friend not appearing in the bond; and a motion is now made to dismiss the appeal on this ground. By section 3016 of the Code, the right of appeal on a final judgment is secured to either party; and by section 3018, it is provided, that the appeal shall not operate as a *supersedeas*, unless bond be given in double the amount of the judgment, payable to the appellee, with sufficient sureties, and with condition to prosecute the appeal to effect and satisfy such judgment as the Supreme Court may render in the premises. In the present case, the defendants in the court below were the appellees. The next friend is not, strictly speaking, a party to the cause. The infants sue by him, and his name is placed upon the record in order that the court may have some person before it who is responsible for the cost and conduct of the case.—Hanna v. Riddle, at the present term. The bond was properly made payable to the appellees, and there was no necessity for naming the next friend in it.

Another ground on which the dismissal of the appeal is urged, is, that no citation was issued under section 3018. This section supposes that the taking of the appeal would probably be known to the appellee, and it is in his power to avoid any delay by appearing. The citation is not necessary to the appeal, and the mere failure to make application for it does not affect its validity.

It is also urged, that section 3041 requires more than one surety to the appeal bond; but we do not so understand it. It is true that the plural is used, but under the rules of construction (found in the first section) the plural includes the singular. There may be some cases, where the law, for good reasons, requires at least two sureties, as on the bonds of executors and administrators, and undertakings of bail in criminal cases; and in these instances the language shows clearly that more than one surety is required.—§§ 1683, 3676. But as the object of the law is security merely, and as this may be attained by the taking of one surety, we will not require

more than that number, unless the words are so clear and unequivocal as to force that construction upon us, which they are not in the present case.

Another ground on which the motion is pressed, is, that the record shows that a writ of error has been taken upon the judgment. It does not appear that any transcript of the record was filed at the term to which the writ of error was returnable; and as the case has not been affirmed, the party would have had the right, under the old law, to prosecute a new writ (United States v. Haden, 5 Porter 533; see, also, Perryman v. Camp, at the last term); and as the appeal under the Code is but a substitute for the writ of error, he might properly take an appeal under the same circumstances.

The motion is denied.