## WARREN VS. THE STATE.

An indictment charging the defendant with betting upon a *gambling device commonly called a Faro Bank*, held good on motion in arrest of judgment.

*Appeal from the Circuit Court of Hot Spring county.*

The Hon. THEODORIC F. SORRELLS, Circuit Judge.

CUMMINS & GARLAND for the appellant.

JOHNSON, Attorney General, for the State.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Richard Warren was indicted in the Hot Spring Circuit Court for gaming. There were three counts in the indictment. The first charged: " That Richard Warren, on etc., at, etc., did bet ten checks of the representative value of five dollars, upon a certain gambling device commonly called a *Faro Bank*, contrary to the form of the Statute, etc.

The second count charged: " That Richard Warren, on, etc., at, etc., unlawfully did bet ten checks of the esteemed value of five dollars upon a certain other gambling device commonly called a *Faro Bank*, then and there kept and exhibited by some person whose name is unknown to the jurors: contrary to the form of the Statute," etc.

The third count charged: " That Richard Warren on, etc., at, etc., unlawfnlly did bet five dollars in money upon a certain other unlawful gambling device commonly called a *Faro Bank*, contrary to the form of the Statute," etc.

The defendant standing mute, the Court directed the plea of not guilty to be entered for him, and he was tried by a jury upon the following testimony, etc.

*Farris*, a witness for the State, testified that, in July, 1855, and previous to the finding of the indictment, he went into a room at the Hot Springs, where he saw a good many persons betting or gambling. It was what is generally called a *Faro Bank*. In betting, they used checks, which he thought were worth fifty cents. Some of the checks were worth (as estimated in the game) twenty-five cents, and some more than fifty cents. He did not know they were worth as stated, but thought they were. The defendant, Warren, was betting among the rest. Witness did. not then know any of the persons present. He had often seen the defendant Warren, and had become acquainted with him afterwards, and recollected that he was present, and betting as stated. He did not know the person who was carrying on the Bank. The players called it a *Faro Bank*. Witness had never bet at a Faro Bank, and did not understand the game, etc.

*Wm. H. Gaines* testified that he had seen *Faro Banks* carried on, and had bet, and knew how they played. " There is a banker, who has the money, cards, etc., and deals the cards. There is a set of cards spread upon the table, and the banker, or dealer deals the cards from a box. Every body bets against the bank or dealer by placing their money, or more usually checks, which are furnished by the banker, and are of the value agreed on, and sold by the banker to those who wish to bet upon the cards spread upon the table; and the party so betting wins or loses according as the cards, dealt out successively by the dealer from the box, correspond, or differ from the card on the table which the better has selected to bet on. The game played is called *Faro*. The *Faro Bank* is the room, dealer, money and apparatus for carrying on the game. The game played is called *Faro*, and is a game of chance."

The above being all the testimony introduced by the parties, the Court, at the request of the defendant, instructed the jury as follows:

" If the jury believe from the evidence that a *Faro Bank* is a place, apparatus and person provided, and ready for gambling purposes, but only means this: and that these are only means

to be used in carrying on a game of chance, the jury cannot find for the state in the absence of an express charge in the indictment that a game of chance was played and carried on at such bank by persons there assembled."

The jury returned a verdict of guilty against the defendant, assessing his fine at sixty dollars. He moved for a new trial, and in arrest of judgment, and both motions being overruled he excepted and appealed.

The motion for a new trial was made on the grounds that the verdict was contrary to law and evidence, etc.

If the indictment was good in substance, the evidence was sufficient to warrant the verdict—at least the jury so concluded, and it was their province, and not ours, to determine this matter.

The motion in arrest of judgment questions the sufficiency of the indictment, on the grounds that the several counts charge a betting upon a *Faro Bank*, and not upon the *game* played by means of the apparatus which constitutes the *faro bank*.

By the first section of the gaming act (*Digest p.* 365,) it is made a misdemeanor for any person to set up, keep or exhibit any gaming table or gambling device, commonly called A. B. C., E. O., Roulette, rouge et noir, or any *faro bank*, etc., etc.

Under this section, when any person sets us, keeps, or exhibits the machinery or apparatus constituting a *faro bank*, in readiness to be put in motion and carry on the game, he holds out a temptation to crime, and is guilty of an offence, whether any person falls into the temptation and bets at the Bank or not. *Parrott vs. The State*, 5 *Eng.* 577. *Drew vs. The State, Ib.* 85. *Brown vs. The State, Ib* 608.

The third section of the act, under which the defendant was indicted, makes it an offence for any person to bet " *on any of the games* prohibited by the first section.

This section prohibits the betting upon the *game* produced or carried on by means of the machinery or apparatus constituting the *faro bank*, etc. The betting is upon the machinery or apparatus in motion and not at rest—upon the result of the chances to win or lose produced by its movements.

Each of the counts in the indictment before us charges a bet-

ting upon a certain gambling device commoniy called a *faro bank*. This language implies, we think, with sufficient certainty, that the *faro bank* was in motion, and that the betting was upon the game produced by it. The defendant could not have mistaken the meaning of the language used, or have failed to understand the nature of the offence charged against him.

The counts in the indictment are substantially the same as some of the counts in the case of *Drew vs. The State*, 5 *Eng. R.* 82, which were held good. See also *Johnson vs. The State* 13 *Ark.* 684.

The judgment of the Court below is affirmed.

Absent, Hon. C. C. Scott.