## THE STATE vs. CRYER.

An indictment, charging the defendant, in several counts, with some variation of
form, but clearly for the same offence, with committing an assault with a deadly
weapon, with intent to commit murder; and, also, with a count, charging that he
committed the assault with a deadly weapon with intent to inflict a bodily injury;
*Held* good on demurrer.

*Writ of Error to Lafayette Circuit Court.*

Hon. ABNER A. STITH, Circuit Judge.

WATKINS & GALLAGHER, for the plaintiff.

The joinder of the two counts was not objectionable. 4 *Ark.*
56; 13 *S. & M.* 468; 1 *Cheves* 103; 2 *McLean* 325. If objec-
tionable, it could not be reached by demurrer. 4 *Ark.* 56; 13
*S. & M.* 468.

GARLAND, for the defendant.

The rule is well settled, both in criminal and civil pleadings,
that counts can be joined in the same action or indictment for
different causes, only when those causes are of the same nature,
subject to the same plea, as well as to the *same judgment.*
These furnish the only safe rule by which to determine the
propriety of joining counts. 1 *Tidd's Pr., p.* 10, *et seq.,* (1*st*
*Am. Ed.*); 1 *Saund. Pl. and Ev.* 418; 1 *Chitt. Pl.* 180; 1 *Arch.*
*Crm. Pr. and Pl.* 93, (*by Waterman*); *Rex vs. Galloway, Ry. &*
*M.* 234; *Rex vs. Powell,* 2 *B. & Ad.* 75; *Rice's Digest, title In-*
*dictment,* 52; *State vs. Smith,* 1 *McMullin* 190; 1 *East P. C.*
408, '9, '10; *Wharton's Cr. Law* 149, *et seq.*; *Reed vs. The People,*
1 *Parker C. R.* 481; *Stephen vs. State,* 11 *Geo.* 225; *State vs.*

*Smith,* 8 *Blackf.* 489; *U. S. vs. Peterson,* 1 *W. & M.* 305; 7 *Blackf.* 186; 1 *Strobhart* 445; 7 *Serg. & R.* 423; 12 *Ib.* 69; 18 *Ark.* 540.

In *The State vs. Fowler,* 8 *Foster* (*N. H.*) 191, the Court said: no Court ever permits a prisoner to be tried for two distinct and separate crimes upon one indictment, if any objection be made, citing *State vs. Nelson,* 8 *N. H.* 165; *Young vs. King,* 3 *Term.* 98; *Commonwealth vs. Symonds,* 2 *Mass.* 163; 2 *Burrow* 983; 4 *Mod.* 103.

In *The State vs. Coleman,* 5 *Porter* 32, the Court ruled that: If there are several counts in an indictment, and the law inflicts a distinct punishment for the offence charged in each, then the indictment would be bad for misjoinder of offences, citing *Douglass R.* 703; 1 *John.* 12; 8 *Wend.* 203.

In *The State vs. Montague,* 2 *McCord* 257, the Court arrested a verdict of guilty on an indictment containing separate counts charging different offences whereon punishment was different.

In *Baker vs. The State,* 4 *Ark. R.* 56, it was laid down in unmistakable language, that different offences could be charged in the same indictment only when subject to the same punishment, and that rule has not been departed from by this Court.

A count for a felony and one for a misdemeanor cannot be joined in the same indictment; because it is a plain infraction of the rules already cited and commented upon. *Kane vs. The People,* 8 *Wend.* 203, *note* (*a*); *Covey vs. State,* 4 *Porter* 186; *Commonwealth vs. McCord,* 2 *Dana* 242; 1 *Ch. Cr. Law* 255; *People vs. Wright,* 9 *Wend.* 193; *Arch. Cr. Pl.* 49, (7 *Lond. Ed.*)

In *The State vs. Freels,* 3 *Humph.* (*Tenn.*) 228, the Court said: " But the first count charges a felony, as created by this statute, which cannot be joined with the misdemeanor charged in the second, and therefore the judgment was properly arrested," citing 1 *Ch. Cr. Law* 225; *U. S. vs. Sharp et al.,* 1 *Peters C. C. R.* 131.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was an indictment against Thomas Cryer, determined in the Lafayette Circuit Court.

There were three counts in the indictment: the 1st and 2d charging, with some variation of form, that Cryer assaulted Sarah Stricklin with a pistol, with intent to commit murder; and the 3d charging that he assaulted her with a deadly weapon (a pistol), with intent to inflict upon her a bodily injury, without considerable provocation, etc.

The Court sustained a demurrer to the indictment, interposed by Cryer, and the State brought error.

It is insisted that the indictment was bad, and subject to demurrer; because, 1st, it charged two distinct offences, subject to different penalties; and 2d, because it improperly joined counts for a felony, and a misdemeanor; and these were the grounds of the demurrer, etc.

1. The offence charged in the first and second counts in the indictment, an assault with intent to commit murder, is punishable by imprisonment in the penitentiary. *Gould's Dig.*, *p.* 336. The offence charged in the *third* count, usually designated as an aggravated assault, etc., is punishable by fine and imprisonment in the common jail. *Ib.*

In *Baker vs. The State*, 4 *Ark.* 56, counts were joined in the same indictment, as in this case, charging Baker with an offence punishable by imprisonment in the penitentiary, and an offence punishable by fine and imprisonment in the county jail. And this Court distinctly held that the objection for misjoinder of offences, if allowable at all, should have been taken before verdict, by motion to quash, or to compel the attorney for the State to elect between the counts; and that the objection was not good in arrest of judgment, or error, or upon demurrer.

In that case it appears that Baker was really prosecuted for but offence, and that several counts were inserted in the indictment, charging the offence in different degrees, with the view of meeting different aspects or contingencies in the evidence, which the Court clearly intimate that the prosecuting attorney had the right to do; and that, in such case, where the counts were inserted in good faith, he would not be required to make an election between them.

In the case now before us, there can be but little doubt, from the face of the indictment, but that the several counts were inserted for the same purpose, as in Baker's case, and that there was no design to charge, and prosecute for, separate and dis-distinct offences, subject to punishments differing in their character, etc. See 1 *Arch. Cr. Law, Waterman's Ed., p.* 93, *etc., and notes.*

2. By act of December 18th, 1848, (*G. Dig. p.* 383,) an assault with intent to commit murder, being punishable by imprisonment in the penitentiary, is a felony. An aggravated assault is a misdemeanor.

By the common law, it seems, counts for a *felony* and *misdemeanor* cannot be joined in the same indictment; and if improperly joined, the indictment will be bad on *demurrer*, or on motion in arrest of judgment. 1 *Chitty Cr. Law* 254.

In our country, some of the States have adhered to this rule (*State vs. Freels*, 3 *Humph.* 228); and in others, it has been held that the reason of the rule has no application in this country, and consequently the rule has not been observed. *State vs. Boise et al.*, 1 *McMullin* 189; *Buck vs. State*, 2 *Har. & J.* 426; *Waterman's Ed. of Arch. Cr. Law, vol.* 1, *p.* 93, 94, *and notes.*

So, by the common law, a party indicted for a felony, could not be found guilty of a misdemanor; but this Court, upon the authority of the adjudications of sister States, has decided that the reason of the rule in England does not exist in our practice; and that upon an indictment for felony, the accused may be convicted of a misdemeanor, where both offences belong to the same generic class; where the commission of the higher may involve the commission of the lower offence, and where the indictment for the higher offence contains all the substantive allegations necessary to let in proof of the misdemeanor. *Cameron vs. State*, 13 *Ark.* 712; *Guest vs. State*, 19 *Ib.* 405; *Sweeden vs. State, Ib.* 205.

If, upon an indictment for a felony, a party may be found guilty of a misdemeanor, as above shown, it certainly can be

of no prejudice to the accused to insert, with the count for the felony, a count for the misdemeanor in the same indictment.

Where there is doubt whether the evidence will establish a particular offence to be of a higher or lower grade—a felony or a misdemeanor—it is a convenient practice to permit the attorney for the State to insert a count for each, for the purpose of meeting contingencies in the proof.   The accused is thereby advised that he is required to meet the charge in both of its aspects, and is surely less liable to be entrapped under this practice than if he were charged with the felony only, and yet subjected, upon the trial, to a conviction for the misdemeanor.

The judgment is reversed, and the cause remanded for further proceedings, etc.