## STATE vs. HOLLAND.

Counts for exhibiting a *faro bank,* and for betting on the game, may be properly united in the same indictment.

It is not essential to the validity of an indictment for exhibiting a faro bank to allege that it was so exhibited *causa lucri.*

### *Error to Jefferson Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

HOLLOWELL, Attorney General, for plaintiff.

YELL, for defendant.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was an indictment for gaming, containing two counts, the first charging:

" That John R. Holland, late of etc., on etc., at etc., then and there being, did then and there unlawfully exhibit a certain unlawful gambling device commonly called a *faro bank,* contrary to the form of the statute.

The second count charged, " that defendant did then and there unlawfully bet twenty-five cents, in money, on a certain unlawful game played with cards, commonly called *faro,* which was then and there played, contrary to the form of the statute," etc., etc.

Holland moved to quash the indictment, because the first count did not charge that the faro bank was exhibited for the purpose of money being won or lost thereon; and because the second count was for a separate and distinct offence, requiring a separate and distinct judgment, different from the first; and because the offence was not sufficiently described.

The court quashed the indictment and the State brought error.

1. It was not necessary for the first count to charge, in terms,

the purpose for which the *faro bank* was exhibited. The language employed in the count sufficiently indicates its exhibition for the unlawful purpose intended to be prohibited and punished by the statute. No specific objection to the form of the second count has been made. Both counts substantially follow precedents which have been repeatedly sustained by this court. See *Brown vs. State*, 5 *Eng*. 607; *Warren vs. State*, 18 *Ark*. 195; *State vs. Grider*, *Ib*. 297; *Drew vs. State*, 5 *Eng*. 82; *Johnson vs. State*, 13 *Ark*. 684.

2. The counts are for different and distinct offences, the first for exhibiting a faro bank, and founded on the first section of the gaming act (*Gould's Dig. p.* 369,) and the second count for betting at faro, and founded on the third section of the act. For an offence under the first section the party may be fined in any sum not less than $100, and may be imprisoned any length of time not less than thirty days nor more than one year. For an offence under the third section the accused may be fined in any sum not exceeding $100, nor less than $50. But the offences belong to the same class; they are both misdemeanors; and may be joined in the same indictment. *State vs. Cryer*, 20 *Ark*. 64; *Orr vs. State*, *Ib*. 543.

In the case of *misdemeanors*, says Mr. CHITTY, the joinder of several offences will not, in general, vitiate in any stage of the prosecution. For in offences inferior to felony, the practice of quashing the indictment or calling upon the prosecutor to elect on which charge he will proceed does not exist. 1 *Chitty Cr. L.* 254.

Mr. ARCHBOLD, says: In cases of felony, indeed, the judge in his discretion may require the counsel for the prosecution to select one of the felonies, and confine himself to that. This is what is technically termed putting the prosecutor to his election. But this practice has never been extended to misdemeanors. 1 *Arch. Cr. Pl.* 95.

In the case now before us, should the defendant be convicted upon both counts, there will be no difficulty in rendering the proper judgment. The jury will state in their verdict the amount of fine assessed by them upon the first count, and the

period of imprisonment, if any, and also the amount of fine assessed by them upon the second count, and the court will render judgment for both fines, and for the imprisonment.

The judgment of the court below must be reversed, and the cause remanded, with instructions to the court to overrule the motion to quash, and permit the defendant to plead to the indictment.