# CARLETON & SLADE *vs.* GOODWIN'S EXECUTOR.

[MOTION FOR AFFIRMANCE OF JUDGMENT ON CERTIFICATE.]

1. *Discontinuance of appeal, by failure to file transcript.*—By the settled practice of this court, an appeal or writ of error is discontinued, and becomes *functus officio,* unless the transcript is filed at the return term, or unless the cause is placed on the docket by an appropriate order; and this by operation of law, without any action on the part of the court, or any motion on the part of the appellee.

2. *Affirmance on certificate.*—Under the Code, (§ 3031,) unlike the practice under the former statute, (Clay's Digest, 308, § 13,) an affirmance of a judgment on certificate, on account of the failure to file the transcript at the return term of the appeal or writ of error, can only be had at the return term.

3. *Constitutionality of act of Feb.* 18, 1867, *to prevent discontinuance of undecided appeals.*—The act approved February 18, 1867, entitled "An act to prevent undecided appeals to the supreme court from losing their force, by discontinuance or otherwise, unless the *appellant* move for a discontinuance after legal cause therefor has occurred," (Session Acts, 1866–67, p. 547,) so far as it operates on appeals which had been discontinued by operation of law at the time of its passage, is an attempt by the legislature to exercise judicial power, and is, therefore, unconstitutional and void.

APPEAL from the Circuit Court of Clarke.

MOTION for an affirmance of a judgment on certificate. All the facts of the case are stated in the opinion of the court.

RICE, SEMPLE & GOLDTHWAITE, for the motion.
No counsel opposed the motion.

A. J. WALKER, C. J.—Carleton & Slade produced to this court, at its January term, 1867, a certificate, and asked an affirmance upon the certificate. The certificate was given by the clerk of the circuit court of Clarke county, on the 30th August, 1866. It states, that a judgment was rendered in such circuit court, on the 17th March, 1863, in

11

favor of Carleton & Slade, against Norphlet Goodwin, for $121.90, and costs ; and that an appeal was taken, on the 30th December, 1863, to the June term of this court, 1864. The appellant did not file his transcript at the return term of the appeal. On the 16th February, 1867, before the motion for an affirmance in this case was made, an act was approved, in the words following : "No undecided appeal to the supreme court, heretofore taken, or hereafter taken, shall be deemed or treated as discontinued, or as having lost its force, unless the *appellant* shall duly move for a discontinuance, after legal cause of discontinuance has occurred."—Session Acts, 1866–67, p. 547.

[1.] By an uniform chain of decisions under the Code and under the law which preceded it, an appeal or writ of error to this court is discontinued, and *functus officio*, unless the transcript is filed at the return term, or unless by an appropriate order the case is placed on the docket.— *United States v. Hayden*, 5 Porter, 533 ; *Hayden v. United States*, 4 Porter, 393 ; *Roebuck v. Dupuy*, 2 Ala. 352 ; *Tardy v. Murray & Durand*, 17 Ala. 582 ; *Perryman v. Camp*, 24 Ala. 438 ; *Cooper v. Maclin*, 25 Ala. 298 ; *Owen v. Echols*, 28 Ala. 689. These decisions clearly establish the proposition, that an appeal is discontinued by a failure to file the transcript at the term to which it is taken, without any action on the part of the court, or any motion for a discontinuance. The proposition is both involved and illustrated in the cases in which it is held, that an appellant, failing to file the transcript at the term to which the appeal was taken, may sue out a second appeal; unless there has been, in the meantime, an affirmance upon certificate. A second appeal could not be legally sued out, unless the former was, in contemplation of law, terminated. Therefore, in contemplation of law, the mere failure to file a transcript at the return term, in the absence of an affirmance on certificate, *ipso facto* disposes of and destroys an appeal. It requires no formal discontinuance in court, or order of court, to consummate the death or discontinuance. The decision of the supreme court of the United States is very emphatic on the same subject. A writ of error was not filed at the proper term ; and the court said : "The writ has become a nullity, be-

cause it was not returned at the proper time."—*Blair v. Miller*, 4 Dallas, 21.

[2] The statute of this State, existing before the adoption of the Code, expressly directed the allowance of an affirmance on certificate, at the return term, or "at any term thereafter."—Aikin's Digest, 256, § 13 ; Clay's Digest, 308, § 13. Under this statutory authority, it might well be held, that the cause remained *in fieri* to a subsequent term, for the purpose of an affirmance on certificate, notwithstanding the transcript was not filed at the proper term ; and it was, we suppose, the practice to allow affirmances on certificate at a subsequent term, unless in the meantime a second writ of error was sued out. But that law was repealed by the Code, and the direction for the allowance of affirmance on certificate at a subsequent term was omitted. This omission is in itself significant of an intention to change the law in that respect.

There is another change of the law made by the Code, also significant of a purpose to restrict the affirmance upon certificate to the term to which the appeal might be taken. The section of the old law authorizing the affirmance upon certificate concludes with a provision, that "the cause may be reinstated on the docket, at any time during the term *to which the writ may be returnable,* upon showing sufficient cause to the supreme court." The new law, (Code, § 3031,) after authorizing an affirmance on certificate, declares that, "for good cause shown, the court may reinstate the cause, *during the term,* on payment of costs." The necessity of restricting the reinstatement of the case to the return term, under the old law, was produced by the allowance of an affirmance at a subsequent term. Under the new law, there is no such restriction ; but there is an obvious implication, that whenever affirmance is had on certificate, a reinstatement of the cause may be had during the term ; and upon the supposition that no affirmance can be had after the first term, there was no necessity for the restriction of the old law, as to the time when the cause might be reinstated. No reason for the confining of the reinstatement of the case to the first term can be deduced from section 3031 of the Code, which does not apply as well to the affirmance on

certificate. We are informed that the practice, for the last several years, and since the Code was adopted, has been to refuse an affirmance on certificate after the term to which the appeal is taken.

[3.] The cause on appeal being discontinued—having ceased to be—after the first term, an affirmance on certificate could not be had, because there is no case pending; there is nothing to give jurisdiction over the case, and there is no notice to the parties. It being a matter of legal decision, that the cause was discontinued, and in the contemplation of law the cause having been discontinued for several years, although no motion was made for discontinuance, is it competent for the legislature to declare that there is no discontinuance, that the judgment of the law was wrong, and that the case was still *sub judice?* The question has, indeed, a still wider range; for, if the act of the legislature can effect the restoration of appeals legally discontinued, for the purpose of allowing affirmances, so also must it effect the restoration of discontinued appeals so as to allow the appellant to file his transcript, and thus restore all the discontinued appeals of the past, unless the cases have terminated in an affirmance on certificate. If the act of the legislature operates upon antecedent discontinuances, an appeal taken nine years ago would be restored; for, if the appeal was taken within the period prescribed by the statute of limitations, the lapse of time would have no effect upon the restorative powers of the statute.

By the third article of the constitution of this State, the legislature is prohibited from the exercise of judicial power. The transcript in this case not having been filed at the June term, 1864, the law, as applicable to the case, declared that the cause on appeal was ended, without a motion for a discontinuance. The determination of this question was the office of a court. The legislature, in assuming to decide the question, exercised a judicial power; for the decision whether a cause is discontinued or not, must, of necessity, belong to the courts. An eminent writer thus defines the distinction between a judicial and a legislative act: "That which distinguishes a judicial from a legislative act is, that the one is a determination of what the existing law

is in relation to some particular thing already done or happened, while the other is a predetermination of what the law shall be for the regulation of all future cases falling under its provisions."—Sedgwick on Statutory and Constitutional Law, 167. This definition may not be critically accurate; but it is difficult to conceive of any definition of judicial power, which would not include authority to determine whether a cause has not been by the transactions of the past discontinued. In so far as the legislature has prescribed a rule of discontinuance for the government of future cases, the statute involves the exercise of legislative power; but, in so far as it assumes to determine upon, and declare the effect of a given fact upon, causes in the past, it is a mere assumption of judicial authority, and the law must be treated as void to that extent.

The judgment of the law, that this case was discontinued some years ago, would be reversed by the legislature, if the act in question were allowed the operation desired. It involves the assumption of power to define the *status* of cases in court, to hear and decide questions of law involved in adversary suits, and to control the judicial judgment in its application of legal principles to cases. Such a power is certainly an invasion of the province of the judiciary, and can not be exercised consistently with the constitution. The legislature can not perform an act between parties in a pending suit, and decisive of it.—*Taylor v. Place*, 4 Rh. I. 324; *Merrill v. Sherburne*, 1 N. H. 199; *Lewis v. Webb*, 3 Greenl. 326; *Dunham v. Lewiston*, 4 Greenl. 140; *Bates v. Kimball*, 2 Chip. 77. Nor can the legislature prescribe to the court what judgment it shall render in any case.— *Holden v. James*, 11 Mass. 396.

Our decision, made at the last term, that an act extending the period of limitation, so as to allow an appeal already barred by the statute of limitations, is defensible upon the ground, that such an act decided no question of a case, and adjudged no question of right in a case, but merely removed a barrier prescribed by the legislature itself, affecting the remedy, to the trial of a case. It was held, that the period of limitation could not be extended after the completion of a bar, when the title to property would be

affected.—*Page and Wife v. Matthews*, 40 Ala. Our decision on that subject is, we think, correct, but very near the boundary of the area of legislative power, and can scarcely be a precedent for legislation beyond it in the same direction.

Motion denied.