## STATE vs. JEROME B. MELVILLE.

Under a statute providing that " every person . . . . who shall be guilty of dealing 'faro,' or banking for others to deal 'faro,' or acting as lookout, game-keeper, or assistant for the game of 'faro,' or any other banking game where money or property is dependent on the result, shall be taken and held to be a common gambler," an indictment was found charging that one M., "on the 15th day of August, A. D. 1875, at Providence, in said county, 'did deal "faro," a certain banking game where money and other property was then and there dependent on the result ; whereby and by force of the statute in such case made and provided, the said M. was then and there taken and held to be a common gambler,' against the form," &c., &c.: —

*Held*, that the offence was duly charged.

*Held*, further, that proof of a single offence was sufficient to support a verdict of guilty.

It is sufficient if an indictment so charges an act forbidden by statute as to exclude any assumption that the indictment may have been proved, and the accused still be innocent.

EXCEPTIONS to the Court of Common Pleas.

*January* 10, 1877.  DURFEE, C. J.   This indictment was tried in the Court of Common Pleas, and comes before us upon exceptions.  The indictment charges that the defendant, " on the 15th day of August, A. D. 1875, at Providence, in said county, ' did deal " faro," a certain banking game where money and other property was then and there dependent on the result; whereby, and by force of the statute in such case made and provided, the said Jerome B. Melville was then and there taken and held to be a common gambler,' against the form of the statute," &c.   Testimony was introduced showing that the defendant on one occasion dealt a game of faro which was played for money.   The defendant requested the court to instruct the jury " that at least three instances of gaming must be shown to constitute the offence of being a common gambler, as charged in the indictment."   The court refused so to instruct the jury, but did instruct them that the proof of one dealing of faro was sufficient.   The defendant excepted.   The jury returned a verdict of guilty.   The defendant moved in arrest of judgment, on the ground that there was no offence set forth, or sufficiently set forth, in the indictment.   The court below overruled the motion and the defendant excepted.

We do not think the court below erred in refusing to instruct the jury as requested by the defendant.

The statute, Gen. Stat. R. I. cap. 234, § 5, declares that every person " who shall be guilty of dealing ' faro,' or banking for others to deal ' faro,' or acting as lookout, gamekeeper, or as-

sistant for the game of 'faro,' or any other banking game where money or property is dependent on the result, shall be taken and held to be a common gambler." The language is clear. Any person who is guilty of dealing " faro " is to be taken and held to be a common gambler. A person who deals " faro " once is guilty of dealing " faro," in the same way that a man who steals once is guilty of stealing. To repeat the act is to repeat the offence. The defendant insists that inasmuch as the statute declares that the offender shall be taken and held to be a common gambler, the act must be thrice repeated, upon the ground that a man cannot be a common offender until he has offended at least three times. This may be so, but it does not follow that he may not be taken and held to be a common offender on his first offence if the statute so directs. This statute does so direct. It mentions or describes certain acts, and declares that every person who is guilty of any one of them shall be taken and held to be a common gambler. It does not mean to say that such an offender is in fact a common gambler, — for some of the acts described are not acts of gambling, — but only that he shall be taken and held to be such, or, in other words, that he shall rank as a common gambler in point of criminality. And see *Cameron* v. *The State*, 15 Ala. 383; *Swallow* v. *The State*, 20 Ala. 30; *Torney* v. *The State*, 13 Mo. 455. The first exception is overruled.

We also think the offence is duly charged. The indictment alleges that the defendant " did deal 'faro,'" and adds, for greater certainty of specification, the phrase, " a certain banking game where money and other property was then and there dependent on the result." Even if the game of " faro " can be innocently dealt, the explanatory phrase makes it certain that the act charged in the indictment is the act forbidden by the statute, and so excludes any assumption that the indictment may have been proved and the defendant may still be innocent. This is all that is required. *State* v. *Burton*, 25 Tex. 420; *Brown* v. *The State*, 10 Ark. 607; *Warren* v. *The State*, 18 Ark. 195; *Guest* v. *The State*, 19 Ark. 405; *Tully* v. *The Commonwealth*, 4 Met. 357; *Commonwealth* v. *Ashley*, 2 Gray, 356; *State* v. *Absence*, 4 Port. 395; *State* v. *Plastridge*, 6 R. I. 76, 83. The second exception is overruled.                   *Exceptions overruled.*

*Ira O. Seamans*, Assistant Attorney General, for plaintiff.

*Francis W. Miner*, for excepting defendant.