# Winthrow & Gordon *v.* The Woodward Iron Company.

*Motion to Dismiss Appeal for Failure to File Transcript.*

1. *Failure to file transcript during term.*—The failure to file the transcript during the term to which the appeal is taken, no order in the cause being asked or made during the term, though not a discontinuance of the appeal (Code, § 3953), is legal cause of discontinuance; and the appeal will be dismissed on account of such failure, on motion made at the next term, with due diligence after the transcript has been filed.

APPEAL from City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.
The appeal in this case was dismissed by this court, on

[Winthrow & Gordon v. The Woodward Iron Company.]

motion of appellee, because the transcript of the record was not filed during the term of this court to which the appeal was taken.

HEWITT & WALKER, and LANE & TALLIAFERRO, for appellants.—1. There is no power to compel the clerk or register to make and deliver a transcript of the record until the third day of the next term of the Supreme Court, next after the appeal.—Code of 1876, §§ 3933, 3939 and 3940. There can be no discontinuance, unless appellants have failed to do what the law required and gave them power to perform. *Glenn, Adm'r. v. Billingslea,* 64 Ala. 354; *Ex parte Remsen,* 31 *Ib.* 270; *Ex parte Owens,* 52 *Ib.* 473. A motion, in this court, to compel the clerk and register to make and deliver a transcript of the record, could not be made until after the third day of this term of this court. Section 3925 of the Code must be construed in connection with §§ 3933, 3939 and 3940. The case of *Sears v. Kirksey* is unlike the present, in this, that the appeal in that case was taken in October, 1885, to the next succeeding term of this court, and the transcript was not filed until December 16, 1886, after that *entire* term had expired, and hence, in that case, the appellant had the right to ask an order from this court compelling the clerk to make out and deliver a transcript at any time after the third day of the term to which the appeal was taken. 2. A discontinuance may be waived.—*Shouse v. Lawrence,* 51 Ala. 559; *Myrick v. Chamberlain et al.,* Minor, 357; *McKary v. Vinzant,* Minor, 401; *Kennedy v. Pickering,* Minor, 137; *Walker v. Chapman,* 22 Ala. 116; *Shorter v. Urquhart,* 28 *Ib.* 360; *Evans et al. v. The State Bank,* 13 *Ib.* 787. This case was entered upon the docket of this court December 17, 1886, and by authority of Mr. Webb, one of the attorneys for appellee, the clerk entered the names of Webb & Tillman as attorneys for appellee, and they appeared on that day and consented that the cause be passed until December 21, 1886. This was a waiver of the discontinuance. *Shouse v. Lawrence, supra.* Under the second head note in *Webb v. Robbins,* 77 Ala. 177, the motion to dismiss in this case comes too late.

WEBB & TILLMAN, and PORTER, *contra.*

(No brief came to the hands of the Reporter.)

PER CURIAM.—The motion made is to dismiss the appeal on the ground that the transcript of the record was not filed during the term of this court to which the appeal was

[Winthrow & Gordon v. The Woodward Iron Company.]

taken, and that this fact operated as a discontinuance of the cause. The judgment was rendered, in the court below, in October, 1885. The appeal was taken in March, 1886, returnable to the first Tuesday in June, 1886,—a term of this court which ended on July 31st, 1886. The transcript was not filed until December 17th, 1886, or the *next ensuing term* of this court. The motion to dismiss was made on the same day the transcript was filed.

It is the opinion of the court that the motion to dismiss must be sustained on the authority of the case of *Sears v. Kirksey,* decided at the present term, from which it can not be distinguished on any sound principle.

For thirty years prior to the passage of the act of February 18th, 1867, now embraced in section 3953 of the present Code, 1876, it was the established practice in this State, supported by very many decisions of this court, that an appeal was discontinued by a failure to file the transcript *at the term to which it was taken,* without any action on the part of the court, or any motion made for a discontinuance. As said in *Carleton v. Goodwin,* 41 Ala. 153, " in contemplation of law, the mere failure to file a transcript *at the 1 eturn term,* in the absence of an affirmance on certificate, *ipso facto* disposes of and destroys an appeal. It requires no formal discontinuance in court, or order of court, to consummate the death or discontinuance."—*Hayden v. United States,* 4 Porter, 393 ; *Roebuck v. Dupuy,* 2 Ala. 352 ; *Owen v. Echols,* 28 Ala. 689.

To obviate the hardship of this principle, the act of February 18th, 1867, was passed. As embodied in section 3953 of the present Code, it reads as follows : "No undecided appeal to the Supreme Court must be deemed or treated as discontinued, or as having otherwise lost its force, *unless* the appellee shall *duly move for a discontinuance,* after *legal cause* for discontinuance has occurred." In *Sears v. Kirksey, supra,* we decided : (1.) That this statute modified the old rule so far only as to make the failure to file a transcript at the return term a *legal cause* for discontinuance, and not *ipso facto* a discontinuance. (2.) That the objection must be asserted by motion on the part of the appellee, made with due diligence. (3.) That the earliest practicable moment at which such a motion can be made is at the term at which the transcript is filed.

We have re-examined the grounds of these conclusions, and are fully satisfied with them. Nor can we see any distinction between an appeal taken generally to any term of this court, and one returnable to the first Tuesday of any month of such term under section 3925 of the Code. The

appellant having elected to take his appeal to a specified term, is bound by the result of such election. The principle still binds him that if he lets that term lapse without filing the transcript, or docketing the cause and asking for a *certiorari*, this negligence on his part becomes a ground for discontinuance, provided the appellee move for it with due diligence.

The motion to dismiss is sustained.