# Collier v. Coggins.

*Action on the Case to recover Damages for Personal Injuries.*

1. *Delay in filing transcript; when appeal not dismissed.*—Under the rule adopted by the Supreme Court, February 10, 1894, (97 Ala., p. IX), a transcript may be filed and the cause docketed for the first time after the adjournment of the term to or during which the appeal is returnable, upon satisfactory excuse being shown  for the delay ; and the appeal will not be dismissed on account of delay in filing the transcript where the delay is not prejudicial to appellee.

2. *Evidence; admissions made with a view to compromise not admissible.*—Admissions made by a party with a view to compromise, or to an amicable adjustment of the matter in suit, are not admissible against the party making them ; and in an action brought to recover damages for personal injuries, it is error to admit evidence that the defendant stated to the plaintiff that "he thought that plaintiff could get seventy-five dollars in compromise of his claim," and asked plaintiff "how much he wanted." ·

3. *Action for personal injuries; variance between allegations and proof.* Where, in an action by an employé against his employer for injuries caused by the falling of a post, which defendant's superintendent had negligently left standing without being secured, the plaintiff alleged in two counts of his complaint, that while he was carrying a piece of timber as directed by the superintendent he had to pass by such post, which fell on and injured him, and the evidence showed that when the plaintiff was injured he was not carrying timber or acting under the orders of said superintendent, but had gone to assist another person, who was in charge of a squad of men to which the plaintiff

did not belong, the plaintiff was not entitled to recover under said counts; there being a fatal variance between the allegations of such counts and the proof in the case.

4. *Same; when plaintiff entitled to recover.*—Where, in an action by an employé against his employer for personal injuries one of the counts of the complaint alleges that the plaintiff was struck by falling timber, by reason of the negligence of the defendant's employé in charge of the construction of a bridge, said injury resulting while acting under the orders of such supervisor, and while conforming thereto, and on issue being joined on defendant's pleas to this count, evidence was introduced tending to show that plaintiff was assisting an employé of the defendant who was plaintiff's superior, and who knew that such timbers were in an unsafe condition, and that the falling of the timbers was due to the negligence of the defendant's said employé in leaving them unsecured, the plaintiff could recover under such count; and the right to recovery should be left to the determination of the jury.

5. *Same; charge to the jury.*—In such case, it is error to instruct the jury that they "may look to the fact, if it be a fact, that plaintiff was not a skilled workman, in connection with all other evidence, in determining whether or not plaintiff was directed by those having the right to direct him, to aid in raising the timber;" such charge being not only abstract, but the conclusion thereof being a *non sequiter* from the facts predicated.

APPEAL from the Circuit Court of Marshall county.

Tried before the Hon. JOHN B. TALLY.

This was an action brought by the appellee, W. M. Coggins, against H. J. Collier, Allison, Schaeffer & Co., The Tennessee & Coosa River Railway Company, and the Nashville, Chattanooga and St. Louis Railway Company; and sought to recover for personal injuries, alleged to have been suffered by the plaintiff while in the employ of H. J. Collier, by reason of alleged negligence of co-employés. The allegations of negligence contained in the three counts of the complaint are sufficiently stated in the opinion. Issue was joined on the pleas of the general issue and contributory negligence. It was shown by the evidence that the plaintiff was employed by H. J. Collier, who was an independent contractor under Allison, Schaeffer & Co., who were themselves independent contractors for the railroad company. The evidence of plaintiff tended to show that shortly before his injury, John Stout, the supervisor of the work being done upon the bridge for the defendant Collier, directed him, the plaintiff, to carry some braces from one part of

[Collier v. Coggins.]

the trestle to another; that when returning from carrying some of the braces, he was called upon by one Billingsley, who was at the head of a squad putting up posts on the bridge, to assist the squad in putting up one of the posts; that while standing near, ready to assist, at the request of said Billingsley, a post, which had already been erected, fell upon him, and injured the plaintiff; that the post which fell was not pinned to the sill as it should have been, and fell by reason of not being pinned; that the absence of the pin was due to the negligence of Billingsley, the head of the squad, whose duty it was to put the pin in the post.

The testimony for the defendant tended to show that John Stout was in charge of the construction of this bridge and trestle, as supervisor for the defendant, Collier; that he had instructed Billingsley to put pins in the posts as soon as they were erected, and that he had no knowledge that the post that fell was not pinned until after the injury to the plaintiff.

The plaintiff in his own behalf testified, that upon H. J. Collier calling on him, after the injury, he asked him ''How much he wanted for damages, and told him that he could get seventy-five dollars in compromise of his claim.'' The defendant, Collier, objected to the introduction of this evidence, and moved to exclude the same, on the ground, that it was immaterial and irrelevant, and because it was a privileged communication made for the purpose of securing a compromise. The court overruled the objection and motion of the defendant, and the defendant duly excepted.

Upon the introduction of one Hill as a witness for the plaintiff, he testified, among other things connected with the accident, that ''plaintiff knew there was no pin in the post.'' The defendant, H. J. Collier, offered to prove by this same witness that the fact that there was no pin placed in the post was open to ordinary observation, but, on objection by the plaintiff to the introduction of such proof, the court refused to allow it, and the defendant, Collier, duly excepted.

Upon the introduction of all the evidence the court, at the request of the plaintiff, gave to the jury the following written charges : (1.) ''The jury may look to the fact, if it be a fact, that plaintiff was not a skilled workman, in connection with all the other evidence, in determining whether

or not the plaintiff was directed by those having the right to direct him to aid in the raising of the timber in question." (2.) "If the jury believe that Billingsley had the right to direct Coggins, and did direct him, and that Coggins was obeying his orders, and while so doing was injured by negligence on the part of the defendant, then the plaintiff ought to have damages in such sum as the evidence entitles him to, if he did not contribute to his own injury by his own negligence." The defendant, Collier, separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by him : (1.) "I charge you, gentlemen, that if you believe the evidence in this case, you must find for the defendants under the first count of the complaint." (2.) "I charge you, gentlemen, that if you believe the evidence in this case, you must find for the defendant under the second count of the complaint." (3.) "I charge you gentlemen, that if you believe the evidence in this case, you must find for the defendant under the third count of plaintiff's complaint." (5.) "I charge you, gentlemen, that if you believe the evidence in this case, you must find for the defendants." (6.) "I charge you, gentlemen, that if from the evidence you find that one John Stout was the authorized agent or supervisor in charge of the erection of the trestle mentioned in plaintiff's complaint, and if you further find the plaintiff was aware of the existence of the defect in the post which struck the plaintiff, and after such knowledge failed to notify said John Stout, and after such knowledge remained at work at or near said post and was injured thereby, then you must find for the defendant, H. J. Collier." (7.) "If the jury believe from the evidence that plaintiff had knowledge of the existence of the negligence or defect which caused his injury, and that the defendants Allison, Schaeffer & Company and H. J. Collier, were not aware of such negligence or defect, and plaintiff failed to notify said defendants, but continued in the work, he can not have a recovery in this case." (8.) "I charge you, gentlemen, that under the evidence in this case, the plaintiff at the time of the accident was not acting within the line of his duty." (9.) "I charge you, gentlemen, that if from the evidence you find that the plaintiff knew that the post which had been erected

at the place of the accident mentioned in his complaint was defective and failed to notify the defendant, H. J. Collier, or his superior person or agent in charge of said work, and if you further find the plaintiff's injuries arose from said defective post, then you must find for said defendant, H. J. Collier." (10.) "I charge you, gentlemen, that the defect in the post which fell and injured plaintiff is not such a defect within the meaning of section 2590 of the Code of 1886." (11.) "I charge you, gentlemen, that if from the evidence you find that the plaintiff knew that the post in one of the bents of defendant, which had been erected without a pin through it, was defective, and after knowledge of such fact remained in the employ of the defendant, H. J. Collier, then you must find for the defendant, H. J. Collier." (12.) "I charge you, gentlemen, that the failure of the employés of the defendant, H. J. Collier, to place a pin through the post which fell and injured plaintiff is not such negligence as will support a recovery in this case against the defendant, H. J. Collier." (13.) "If the jury believe from the evidence that there is a variance between these allegations of the complaint and the evidence, in this, that Coggins received his instructions to go and work at the place where the injuries were received, from one Cans Billingsley, and not from John Stout, they must find for the defendants." (14.) "If the jury believe from the evidence that there is a variance between the allegations of the complaint and the evidence, in this, that Coggins received his instructions to go and work at the place where the injuries were received, from Cans Billingsley, and not from John Stout, except that Stout had told him, said Coggins, to follow the instructions of Billingsley when not otherwise engaged, they must find for the defendants."

There was judgment for $1,000 in favor of the plaintiff against the defendant, Collier, and a judgment in favor of the other defendants. The defendant, Collier, now brings this appeal, and assigns as error the rulings of the court upon the evidence, and the giving and refusal to give the several charges asked.

JOHN F. MARTIN, for appellant.—The evidence that the defendant stated to the plaintiff that he thought he could get seventy-five dollars in compromise of his claim,

[Collier v. Coggins.]

and asked him how much he wanted, should have been excluded.—1 Greenl. on Evidence, 192; *Jackson v. Clopton*, 66 Ala. 29; *Crawford v. McLeod*, 64 Ala. 240.

The general affirmative charge should have been given for the defendant under the first and second counts of the complaint.—*B. R. & E. Co. v. Baylor*, 99 Ala. 359; *Railroad Co. v. Burton*, 97 Ala. 240; *Railroad Co. v. Mothershed*, 97 Ala. 261; *Railroad Co. v. Dusenberry*, 94 Ala. 419.

The charges of the court which assert that if the plaintiff knew before the time of his injury that the post was being raised without being pinned, he could not recover for the injury caused by such failure, should have been given.—*B. R. & E. Co. v. Allen*, 99 Ala. 359.

No counsel marked as appearing for appellee.

COLEMAN, J.—This cause was submitted on a motion to dismiss the appeal, and if that is overruled, then upon its merits. The judgment was rendered in the circuit court on the 4th day of April, 1893. The appeal and supersedeas bond were filed on the 2d day of May, and by statute, the appeal was returnable to this court on the 29th day of May afterwards, that being the first Monday after the expiration of twenty days from the date of the appeal.—Code of 1886, § 3620. The transcript for the appeal was filed in this court on the 5th day of December, 1893.

It is evident that there is an error as to the date of the signing of the bill of exceptions. The bill of exceptions certifies that it is signed "within the time as extended by order of the court of 22d of May, 1893," and yet the bill itself bears date of May 5th, 1893. The certificate of the clerk shows that the bill of exceptions was filed in his office July 19th, 1893. The summer call of the 8th division expired before the return day of the appeal. The next call was late in January, 1894. The record was filed December 5th, 1893. The appellee was not prejudiced by the delay in not filing the transcript at an earlier date.

The rule on this question is as follows : "Upon satisfactory excuse being shown for the delay, the court may, in its discretion, permit the transcript to be filed and the cause docketed, for the first time, after the adjournment of the term to, or during, which the appeal is re-

turnable, upon such terms as the court may impose."—
Adopted February 10th, 1894; 97 Ala. p. ix. The
motion to dismiss the appeal must be overruled.

The action is in case, brought by the appellee to recov-
er damages for personal injuries; and the trial re-
sulted in a verdict for the plaintiff. Against the objec-
tion of the defendant, the court permitted the plaintiff
to prove that the defendant stated to him, "he thought
that plaintiff could get seventy-five dollars in compromise
of his claim," and that defendant asked him "how much
he wanted." The admission of this evidence was error.
Admissions of a party made with a view to a compromise,
or an amicable adjustment of a matter in dispute, are
not admissible against the party making them.—1 Brick.
Dig., 838, § 479; *Jackson v. Clopton*, 66 Ala. 29.

As a general rule, it is proper to admit proof that the
defect or cause of the injury was one that could be seen
by ordinary observation, but where the proof shows affir-
matively that the person injured knew of the defect or
danger, and it is not denied, possibly the error in exclud-
ing such testimony would not require a reversal of the
case.

The other assignments of error are based upon charges
given for the plaintiff, and the refusal of the court to in-
struct the jury as requested by the defendant. That our
conclusion upon these questions may be better under-
stood, it becomes necessary to state the several grounds
upon which the plaintiff relies for a recovery as set out
in the complaint, and the tendencies of the evidence.
The first count avers, substantially, that the defendant
was engaged in building a bridge or trestle, that one
John Stout had supervision and control of the work, and
that plaintiff was a laborer employed with others to do
the work; that a post had been placed in an upright
position on a sill, and negligently had been left standing
in that position without being pinned or secured, so as
to prevent its falling, and that plaintiff had been directed
by the supervisor in control to carry a piece of timber,
and while performing this duty, he had to pass by the
upright post, and while near the post, it fell upon him
and injured him. The averments of the second count
are substantially, the same as those in the first count,
except that in this count it is charged that John Stout
was in charge; that plaintiff was bound to conform and

[Collier v. Coggins.]

did conform to his orders, in carrying the timber, &c. The third count does not state, in what respect the defendant was negligent. It simply avers that the plaintiff was struck by two falling pieces of timber, "by reason of the negligence of defendant's employé who was in charge of the construction of said bridge or trestle, said injury resulting while acting under the orders of said supervisor, and while conforming thereto," &c. No objection was taken to the complaint nor to any count, and the case was tried upon the pleas of the general issue and contributory negligence. To entitle plaintiff to recover under the first or second count of the complaint, he was required to prove, as laid, that the post was left standing unsecured, and that when injured he was carrying timber under the orders of John Stout, the supervisor. There is evidence tending to show culpable negligence in leaving the post unsecured against falling, but there is no evidence tending to show, that at the time of the injury plaintiff was carrying timber, or was acting, under the order of John Stout. On the contrary, the proof is, that he had quit the work, which he was directed by John Stout to perform, before completing it, and had gone to assist one Billingsley at his direction, who had charge of a different squad of hands, and was engaged in erecting the post for the bridge or trestle. The plaintiff did not belong to his squad of laborers. We are of opinion that the court should have instructed the jury, at the request of the defendant, that the plaintiff could not recover under the first or second count of the complaint.

The court was requested to instruct the jury that plaintiff could not recover under the third count, in the complaint. The third count is very broad. It avers injury, and charges it as the result of the negligence of the defendant's employé. Issue was joined upon the defendant's pleas to this count. There is evidence tending to show that defendant's employé was guilty of culpable negligence, in leaving the post standing upright unsecured, and that the falling of the post was due to this negligence. The evidence shows that Billingsley was an employé of the defendant, that he had charge of the laborers engaged in erecting the post, was a superior to plaintiff in this respect, and knew that the post was left in an unsafe condition. There were questions of fact arising under the

[Pollard *et al.* v. American Freehold Land Mortgage Co.]

third count and the pleas which were properly referred to the jury.

These principles dispose of the remaining charges requested by the defendant.

We think the court erred in giving the first charge requested by the plaintiff.. Conceding there was evidence that plaintiff was not a "skilled workman," we do not perceive the connection this fact has with the conclusion stated in the charge. How was this fact to aid the jury "in determining whether or not plaintiff was directed by those having the right to direct him to aid in the raising of the timber in question?" Besides being abstract, the conclusion is a *non sequiter* from the fact predicated.

Reversed and remanded.